828 F.2d 1047
 44 Fair Empl.Prac.Cas. 1385,
44 Empl. Prac. Dec. P 37,387
C.M. ENGLISH, Plaintiff-Appellant,
v.
PABST BREWING COMPANY; PMP Fermentation Products, Inc., a
wholly owned subsidiary of Pabst Brewing Company,
Defendants-Appellees.
 No. 86-3148.
 United States Court of Appeals,
Fourth Circuit.
 Argued May 8, 1987.
Decided Sept. 15, 1987.
 
 David Edmund Ralston, for plaintiff-appellant.
 Thomas Paul Godar (John R. Sapp; Michael, Best & Friedrich; Milwaukee, Wis., Gwynn Radeker; Roberts, Stevens & Cogburn, P.A. Asheville, N.C., on brief), for defendants-appellees.
 Before WIDENER, WILKINSON, and WILKINS, Circuit Judges.
 WILKINSON, Circuit Judge:
 
 
 1
 C.M. English was employed by the Pabst Brewing Company as a sales representative. In February of 1982, Pabst informed English that his employment was to be terminated. English sued under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. Sec. 621 et seq. The district court granted summary judgment to the defendant because English did not file his ADEA charge within the 180 day period imposed by the statute and because he failed to establish that the termination was based on his age. C.M. English v. Pabst Brewing Co., 645 F.Supp. 186 (W.D.N.C.1986). We affirm.
 
 I.
 
 2
 At the time his employment with Pabst ended, English sold malt syrup and industrial chemicals to firms in the southeastern United States. English was sixty-five years old. Pabst told him upon his termination that it was restructuring its sales staff and product lines and that the field work previously handled by him would be handled primarily by telephone from the company's headquarters.
 
 
 3
 Six months later, in August of 1982, English had a chance encounter with Irvin Troy, his former sales supervisor. Accompanying Troy was Donald Lex, who had been hired by Pabst as a sales representative in July. Lex was twenty-five years old.
 
 
 4
 Roughly six months after this meeting--359 days after he was notified of his termination--English filed a charge of age discrimination with the EEOC. After filing his charge with the EEOC, English commenced this civil action. He alleged that Pabst had replaced him with a younger man and thus committed age discrimination. In granting Pabst's motion for summary judgment, the district court held that English's claim was time-barred by the provisions of Sec. 7(d) of the ADEA and that Lex was not English's replacement, but filled a position requiring different skills and expertise created in the company's reorganization.
 
 II.
 
 5
 The ADEA requires that a plaintiff file a charge with the EEOC before filing a civil action; this charge must normally be filed within 180 days of the discriminatory practice. 29 U.S.C. Sec. 626(d). Where the charge is based on a job termination, the 180-day period runs from the date on which the plaintiff is notified of his termination. Felty v. Graves-Humphreys, 785 F.2d 516, 518-19 (4th Cir.1986); Price v. Litton Business Systems, 694 F.2d 963, 965 (4th Cir.1982). The limitation period facilitates the prompt resolution of disputes upon fresh recollections. It also reflects the point at which Congress has determined the prospect of litigation should presumptively be laid to rest.
 
 
 6
 Because the 180-day period is akin to a statute of limitations, rather than a jurisdictional prerequisite to filing suit, a plaintiff can obtain relief from it under the doctrines of equitable tolling and equitable estoppel. Vance v. Whirlpool Corp., 716 F.2d 1010, 1011-12 (4th Cir.1983). Equitable exceptions to the statutory limitations period should be sparingly applied, however. The certainty and repose these provisions confer will be lost if their application is up for grabs in every case. As the equitable exceptions to the charging period have been the subjects of some confusion--in the present case, for example, the parties used the terms equitable estoppel and equitable tolling interchangeably--we will review them briefly before applying them to the case before us.
 
 
 7
 The doctrines of equitable tolling and equitable estoppel have a common origin; they are based primarily on the view that a defendant should not be permitted to escape liability by engaging in misconduct that prevents the plaintiff from filing his or her claim on time. As the Supreme Court explained in Glus v. Brooklyn Eastern District Terminal, 359 U.S. 231, 232-33, 79 S.Ct. 760, 761-62, 3 L.Ed.2d 770 (1959),
 
 
 8
 [N]o man may take advantage of his own wrong. Deeply rooted in our jurisprudence this principle has been applied in many diverse classes of cases by both law and equity courts and has frequently been employed to bar inequitable reliance on statutes of limitations.
 
 
 9
 Equitable tolling applies where the defendant has wrongfully deceived or misled the plaintiff in order to conceal the existence of a cause of action. See Lawson v. Burlington Industries, 683 F.2d 862, 864 (4th Cir.1982); Cerbone v. International Ladies' Garment Workers' Union, 768 F.2d 45, 48 (2d Cir.1985); Meyer v. Riegel Products Corp., 720 F.2d 303, 307-08 (3d Cir.1983). To invoke equitable tolling, the plaintiff must therefore show that the defendant attempted to mislead him and that the plaintiff reasonably relied on the misrepresentation by neglecting to file a timely charge. Lawson, 683 F.2d at 864; Coke v. General Adjustment Bureau, 640 F.2d 584, 595 (5th Cir.1981).
 
 
 10
 Equitable estoppel applies where, despite the plaintiff's knowledge of the facts, the defendant engages in intentional misconduct to cause the plaintiff to miss the filing deadline. Felty v. Graves-Humphreys, 818 F.2d 1126 (4th Cir.1987); Price, 694 F.2d at 965. See also Cerbone, 768 F.2d at 49-50; Dillman v. Combustion Engineering, 784 F.2d 57, 60-61 (2d Cir.1986). "The statute of limitations will not be tolled on the basis of equitable estoppel unless the employee's failure to file in timely fashion is the consequence either of a deliberate design by the employer or of actions that the employer should unmistakably have understood would cause the employee to delay filing his charge." Price, 694 F.2d at 965.
 
 III.
 
 11
 English seeks to invoke the principle of equitable tolling. He alleges that Pabst concealed material information from him in two ways: first, by failing to post the required notice about ADEA rights, and second, by giving him a pretextual reason for his termination. Neither allegation is supported by the facts in the summary judgment record, however.
 
 A.
 
 12
 The ADEA requires an employer to post "in conspicuous places upon its premises a notice to be prepared or approved by the Equal Employment Opportunity Commission setting forth information as the Commission deems appropriate to effectuate the purposes of [the ADEA]." 29 U.S.C. Sec. 627. Such a notice must be prominently and accessibly placed. 29 U.S.C. Sec. 627; 29 C.F.R. Sec. 1627.10. If an employer violates the posting requirement, the charging period is tolled until the plaintiff "acquires actual knowledge of his rights or retains an attorney." Vance, 716 F.2d at 1013. In the present case, we believe the district court properly rejected plaintiff's argument that the statutory limitations period should be equitably tolled based on the defendant's noncompliance with the posting requirement:
 
 
 13
 Factually, plaintiff's argument in opposition to summary judgment on the nonposting ground for tolling of the statute of limitations leans upon the slender reed of the following sentence in plaintiff's own Affidavit: 'My employer had not posted information on the ADEA of which I was aware.' (Emphasis supplied.) This sentence simply does not create a genuine issue of material fact when juxtaposed against defendants' affidavits from present and former employees to the effect that proper posting had in fact been accomplished at the company's plant and corporate headquarters. Defendants, therefore, appear to have established proper posting.
 
 
 14
 English, 645 F.Supp. at 188. See Posey v. Skyline Corp., 702 F.2d 102 (7th Cir.1983) (summary judgment proper where defendant's testimony indicated that ADEA notice was posted and plaintiff stated only that he did not recall seeing one).
 
 
 15
 English argues that even if the notice was posted, the charging period should still be tolled because he did not read the notice. This argument misapprehends the nature of equitable tolling, which is based on the wrongdoing of the defendant. Hence, the district court properly rejected it. "If notice is properly posted and the employee does not see it or sees it but is still not aware of his rights, there will normally be no tolling of the filing period." McClinton v. Alabama By-Products Corp., 743 F.2d 1483, 1486 (11th Cir.1984); accord Hrzenak v. White-Westinghouse Appliance Co., 682 F.2d 714, 718-19 (8th Cir.1982).
 
 
 16
 English further argues that the district court erred in applying this rule to field salesmen who infrequently visit the company's offices. He refers us to the Fifth Circuit's decision in Charlier v. S.C. Johnson & Son, Inc., 556 F.2d 761 (5th Cir.1977), where the court of appeals remanded for a determination of whether a salesman who worked mainly in his home was adequately informed of his rights by an ADEA notice posted in a regional office. That decision was grounded in the court's understanding that the posting requirement imposes a broad obligation on employers to "provide employees with a meaningful opportunity of becoming aware of their ADEA rights." 556 F.2d at 764.
 
 
 17
 With respect, we do not adopt the interpretation of the posting requirement expressed in Charlier. It might well be desirable to require employers to send ADEA notices to traveling sales representatives and others who work off the company's premises. Congress might adopt such a requirement in the future. The terms of the present statute and its implementing regulation, however, require only that the notice be posted "in conspicuous places upon [the employer's] premises." 29 U.S.C. Sec. 627. Pabst complied with the terms of the statute. Notice was posted on the only facilities in the company that plaintiff ever visited, and which plaintiff did visit when he was informed of his termination. Because there is no genuine dispute of fact as to whether Pabst complied with the notice requirement, English cannot invoke equitable tolling on that basis.
 
 B.
 
 18
 English alleges further that his younger "replacement," Donald Lex, was not hired for some five months after his own termination, that he did not learn of Lex's employment for six months after his discharge, and that he was thus precluded from bringing his ADEA action before that time. While a time bar might be tolled on equitable grounds "if the employee could show that it would be impossible for a reasonably prudent person to learn that his discharge was discriminatory," Miller v. International Telephone and Telegraph Corp., 755 F.2d 20, 24 (2d Cir.1985), we do not think English has carried his burden in this regard.
 
 
 19
 First, there has been no showing that Pabst concealed or misrepresented anything about its own reorganization or about English's dismissal. Nothing about the timing or the manner of Lex's employment suggests any attempt by the company to induce English to forego his rights and delay filing his ADEA charge. In fact, as the district court noted, "plaintiff's knowledge of the employment of the younger man came to him through the defendants themselves." 645 F.Supp. at 189. Secondly, as discussed fully in the following section, it is doubtful that Lex was in fact a replacement for English at all. (The record indicates that Lex made national contacts from the company's Milwaukee office by telephone; English made personal visits to customers five days a week exclusively in the southeast. Lex sold only chemical products; English sold malt products as well). Third, if Lex's employment had the critical significance English attributes to it, we are unable to understand why he waited nearly six months more before filing a charge. At bottom, equitable tolling rests upon the proposition that the defendant's actions require relieving the plaintiff from the burden of a statutory limitations period. We cannot perceive in this set of circumstances any reason to overturn the district court's grant of summary judgment and afford plaintiff the extraordinary relief that he requests.
 
 IV.
 
 20
 In addition to his failure to file a timely charge, English's claim also fails on substantive grounds. English has not presented any evidence to show that his termination was the result of age discrimination. "To establish discrimination in an age discrimination case, the plaintiff must prove by a preponderance of the evidence that 'but for' the defendant's motive to discriminate against an older employee, he would not have been terminated." Wilhelm v. Blue Bell, Inc., 773 F.2d 1429, 1432 (4th Cir.1985). Because English failed to carry this burden, the district court properly granted summary judgment on the merits of this case.
 
 
 21
 Two routes are available for proving "but for" causation in age discrimination cases. The first is to use ordinary means of proof through direct or indirect evidence; the second route--the one on which English relies--is the judicially fashioned proof scheme for Title VII cases. Wilhelm, 773 F.2d at 1432; Lovelace v. Sherwin-Williams Co., 681 F.2d 230, 239-41 (4th Cir.1982). To establish a prima facie case of discrimination under the Title VII proof scheme, the plaintiff must submit evidence to show
 
 
 22
 (1) the plaintiff is in the protected age group; (2) the plaintiff was discharged or demoted; (3) at the time of discharge or demotion, the plaintiff was performing his job at a level that met his employer's legitimate expectations; and (4) following his discharge or demotion, the plaintiff was replaced by someone of comparable qualifications outside the protected class.
 
 
 23
 E.E.O.C. v. Western Electric Co., Inc., 713 F.2d 1011, 1014 (4th Cir.1983).
 
 
 24
 We believe the district court correctly analyzed English's case in accordance with this scheme:
 
 
 25
 Without discussing the first three elements, the evidence before the court presents no genuine issue as to any fact material to the fourth element. All the evidence on this issue is of a piece, and all reflects that the company underwent a rather complete metamorphosis. New management dropped from the product line the malt syrup which had been plaintiff's main area of expertise. The company's products then included only industrial chemical compounds. The newly hired replacement (Mr. Lex), concededly 40 years younger than plaintiff, also possessed a cum laude degree in chemistry and three years' experience in chemical sales. Plaintiff had no comparable educational background and was principally experienced in the sale of the malt syrup line. The new job filled by Lex involved a national sales territory; a concentration on long-distance sales out of Milwaukee; and only occasional field visits, few of them in the southeast. Plaintiff's forte had been field work in the southeast and personal relationships with southeastern customers. Based upon this undisputed evidence, plaintiff cannot meet the necessary fourth element of the prima facie test and, even had his claim been timely filed, cannot survive defendants' Motion for Summary Judgment.
 
 
 26
 English, 645 F.Supp. at 190.
 
 
 27
 The judgment of the district court is therefore
 
 
 28
 AFFIRMED.