875 F.2d 315
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
James E. HALL, Plaintiff-Appellant,
v.
AUTOMATED MACHINERY SYSTEMS, INC., Defendant-Appellee.
 No. 88-2811.
 United States Court of Appeals, Fourth Circuit.
 Argued Jan. 3, 1989.
Decided May 3, 1989.
 
 1
 Gerald Thomas Zerkin (Karen L. Ely-Pierce, Gerald T. Zerkin & Associates, on brief) for appellant.
 
 
 2
 David William Patton (Jack W. Burtch, Jr., McSweeney, Burtch & Crump, on brief) for appellee.
 
 
 3
 Before WIDENER and SPROUSE, Circuit Judges, and KAREN LECRAFT HENDERSON, United States District Judge for the District of South Carolina, sitting by designation.
 
 KAREN LECRAFT HENDERSON, District Judge:
 
 4
 James E. Hall brought this action to recover damages from his former employer, Automated Machinery Systems, Inc. ("AMS"), under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. Secs. 621-34 (1982 & Supp. III 1985). The district court granted AMS's motion for summary judgment on the ground that Hall failed to produce sufficient evidence of age discrimination. Hall appeals the district court's decision. We affirm.
 
 
 5
 On a motion for summary judgment, the Court must view the facts and inferences to be drawn therefrom in the light most favorable to the nonmoving party. United States v. Diebold, 369 U.S. 654, 655 (1962). The material facts here are not in dispute.
 
 
 6
 Hall commenced employment with AMF, Inc. in 1956 and in 1985 was employed in its baking engineering model shop at a plant in Richmond, Virginia. In 1985, AMS purchased the plant and determined that because of recent financial losses a substantial work force reduction was necessary. As a result, AMS asked its division heads "to come up with a plan to cut their departments to the bone." Accordingly, Edward Miese, head of the Bakery Division, directed Warren P. Hughes, director of the Bakery Engineering Department, to reduce his staff by approximately one-half. After reviewing his department's needs and consulting with Miese, Hughes decided to lay off ten of the twenty-one employees in his four sections, which included the bakery model shop. Of the five employees in the shop, Hall, aged fifty-three, James A. Simmons, aged forty-five, and William C. Trimmer, aged sixty-three, were laid off, while C.H. Steffensen, the supervisor, aged fifty-three, and Herbert D. Hix, aged forty-one, were retained. Hughes testified by affidavit that he made the employment decisions on the basis of quality and volume of work, dependability, knowledge of the job, initiative, job attitude and cooperation and that he chose Hix over Hall because the latter lacked "a harmonious relationship" with his supervisor, Steffensen, who was to be retained.
 
 
 7
 About two months after the lay-off, Hix decided to resign and Steffensen called Simmons about replacing him. When Simmons declined, Steffensen called Hall and asked whether Hall would return to work in the shop if Steffensen could hire him. Hall replied that he would but when Steffensen raised the matter with Miese, Miese told Steffensen that all hiring was to be done "within house." Accordingly, Steffensen arranged for Hix to be replaced by William Harris, aged 37, who was then employed in another division.
 
 
 8
 Hall claims AMS discriminated against him because of his age, in violation of the ADEA, by failing to retain him in January 1986 and by failing to rehire him to replace Hix in April of that year. We agree with the district court that AMS was entitled to summary judgment because Hall failed to produce sufficient evidence to support his claims.
 
 
 9
 The standard for reviewing a grant of summary judgment is the same as that employed by the district court. Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper where the moving party has demonstrated that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Goldberg v. B. Green & Co., 836 F.2d 845, 847 (4th Cir.1988). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 91 L.Ed.2d 265, 273 (1986). Hall failed to sustain his burden under this standard.
 
 
 10
 In order to establish an ADEA violation, a plaintiff must prove by a preponderance of the evidence that "but for" the defendant's motive to discriminate against an older employee he would not have been terminated. English v. Pabst Brewing Co., 828 F.2d 1047, 1051 (4th Cir.1987); Wilhelm v. Blue Bell, Inc., 773 F.2d 1429, 1432 (1985). A plaintiff may meet this burden in either of two ways: (1) under ordinary principles of proof by any direct or indirect evidence relevant to and sufficiently probative of the issue or (2) by satisfying the judicially created scheme for proving an ADEA violation. English, 828 F.2d at 1051; Wilhelm, 773 F.2d at 432; Lovelace v. Sherwin-Williams Co., 681 F.2d 230, 239-41 (4th Cir.1982). Under the judicially created scheme of proof, a plaintiff in the usual ADEA case can establish a prima facie case by showing each of the following: (1) that he is a member of the protected age group (between forty and seventy years of age); (2) that he was discharged or demoted; (3) that at the time of discharge or demotion, he was performing his job at a level that met his employer's legitimate expectations and (4) that following his discharge or demotion, he was replaced by someone of comparable qualifications outside the class. Goldberg v. B. Green & Co., 836 F.2d at 849; Lovelace v. Sherwin-Williams Co., 681 F.2d at 239. Where a plaintiff is laid off as part of a work force reduction, the fourth element is modified to require that the plaintiff show that persons outside the protected age group were retained in the same position or that there is some other evidence that the employer did not treat age neutrally in deciding to dismiss the plaintiff. Harold v. Hajoca Corp., 864 F.2d 317, 319 (4th Cir.1988), reh'g and reh'g in banc denied (1989); EEOC v. Western Elec. Co., 713 F.2d 1011, 1014-15 (4th Cir.1983). Once a plaintiff has established a prima facie case, the burden of production shifts to the defendant to articulate a nondiscriminatory reason for his treatment of the plaintiff. If the defendant succeeds in this, the burden shifts again to the plaintiff to prove he was the victim of intentional discrimination. He can meet this burden by showing that the defendant's proffered reason was a mere pretext and that the plaintiff's age was the more likely reason for the discharge. Herold v. Hajoca Corp., 854 F.2d at 319. Hall failed to produce sufficient evidence to make out a prima facie case of age discrimination in AMS's failure to retain him at the time of the lay-offs or to rehire him after Hix's resignation.
 
 
 11
 Although Hall satisfied the first three elements of the prima facie case, he produced no persuasive evidence to support the fourth criterion as to either of his claims. Hix, the employee retained in Hall's stead, was at the time of the lay-off 41 years of age and himself a member of the protected class. On the other hand, Harris, although below the age of forty, did not replace Hall in the bakery engineering shop. He was transferred to the shop more than two months after Hall's lay-off because of Hix's unexpected and voluntary departure. There is no evidence that at the time of Hall's lay-off AMS contemplated that Harris, or anyone other than Hix and Steffensen, both members of the protected class, would work in the model shop. Nor did Hall produce any other evidence sufficient to show that AMS's decision to lay him off was affected by consideration of his age. Statistical evidence offered by Hall to demonstrate an alleged "youth movement" at AMS was not sufficiently probative of the critical element Hall was required to prove, that is, that AMS made employment decisions affecting Hall because of his age. Hall attempted to show a preference for younger employees by comparing the ages of all AMS employees laid off in January 1986 with the ages of all employees subsequently hired through January 8, 1988. This comparison ignores entirely those employees retained at the time of the lay-offs. As the district court observed, the relative ages of employees retained and laid off in early 1986 demonstrates no preference for employees under forty years of age. Further, nothing in the record indicates that the employees hired during the following two years were employed to replace the laid off employees or to perform substantially similar work.
 
 
 12
 Because Hall failed to produce evidence establishing the fourth element necessary to make out a prima facie case of age discrimination, we conclude that the district court properly granted AMS's motion for summary judgment.[1]
 
 
 13
 AFFIRMED.
 
 
 
 [1]
 Even assuming Hall succeeded in establishing a prima facie case, summary judgment was proper because AMS articulated legitimate reasons for not retaining or rehiring him and Hall failed to produce evidence that those reasons were pretextual