981 F.2d 1253
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Lih Y. YOUNG, Plaintiff-Appellant,
v.
NATIONAL CENTER FOR HEALTH SERVICES RESEARCH, Defendant-Appellee,
 No. 92-1518.
 United States Court of Appeals,
Fourth Circuit.
 Argued: October 28, 1992
Decided: December 15, 1992
 
 LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW, Amicus Curiae. Appeal from the United States District Court for the District of Maryland, at Baltimore. Joseph H. Young, Senior District Judge. (CA-85-2547-Y)
 ARGUED: Robert Brian Fitzpatrick, Fitzpatrick & Verstegen, Washington, D.C., for Appellant.
 Marleigh Diane Dover, Civil Division, United States Department of Justice, Washington, D.C., for Appellee.
 ON BRIEF: Stuart M. Gerson, Assistant Attorney General, Lori M. Beranek, Civil Division, United States Department of Justice, Washington, D.C.; Richard D. Bennett, United States Attorney, Juliet Ann Eurich, Office of the United States Attorney, Baltimore, Maryland; Timothy M. White, Office of General Counsel, Department of Health & Human Services, Washington, D.C., for Appellee.
 Richard T. Seymour, Michael Selmi, Sharon R. Vinick, Lawyers' Committee for Civil Rights Under Law, Washington, D.C., for Amicus Curiae.
 D.Md.
 Affirmed.
 Before RUSSELL, WILKINSON, and LUTTIG, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Back in June of 1985, Dr. Lih Y. Young filed a pro se Title VII action against her employer, the National Center for Health Services Research, a division of the U.S. Department of Health and Human Services ("HHS"). Dr. Young filed her complaint within the 30-day limitations period prescribed by Title VII, but did not name the proper defendant: the Secretary of HHS. She did not serve notice on the Secretary until 31 days after the expiration of the limitations period. The question before us now is whether Dr. Young is entitled to "equitable tolling" of the Title VII limitations period, so as to bring her notice date within the limitations period. The district court found that Dr. Young was not so entitled. We agree with the reasoning of the district court, and affirm its order of dismissal.
 
 I.
 
 2
 This is the third time Dr. Young has appealed the dismissal of her complaint. The district court originally dismissed Dr. Young's complaint in March 1986, for failure to exhaust administrative remedies. On appeal, this court reversed and remanded. In February 1988, the district court dismissed Dr. Young's complaint a second time, this time for failing to name the Secretary of HHS as a defendant. Again Dr. Young appealed, seeking to amend her complaint to name the proper defendant. She further argued that this amendment should "relate back" to the time of her original filing, bringing her amended complaint within the Title VII limitations period.
 
 
 3
 This court affirmed the district court's dismissal. Under the plain language of Fed.R.Civ.P. 15(c), Dr. Young would have to have served notice on the Secretary of HHS within the Title VII limitations period, in order for the amended complaint to relate back to the time of filing. Because Dr. Young had not served the Secretary until 31 days after the Title VII limitations period had expired, this court rejected her relation-back argument. The Supreme Court vacated and remanded this decision, however, for reconsideration in light of Irwin v. Veterans Administration, 111 S.Ct. 453 (1990), which authorized "equitable tolling" of the Title VII limitations period in certain limited circumstances.
 
 
 4
 On remand, the district court determined that Dr. Young's case did not present one of those limited circumstances. The court observed that while Dr. Young originally sued pro se, she has retained counsel ever since her first appeal, which was more than a year and a half before she moved to amend the complaint. The district court found this delay dispositive of Dr. Young's equitable tolling claim, and dismissed her complaint. It is this third and latest dismissal that is now before us.
 
 II.
 
 5
 The district court correctly noted that equitable tolling is a "narrow limitations exception." Olson v. Mobile Oil Corp., 904 F.2d 198, 201 (4th Cir. 1990). "Equitable tolling always has the potential of becoming the exception that swallows up the congressional rule. Thus we have held that the doctrine applies only when an employer's reliance on the applicable statute of limitations would be inequitable, because the employer 'wrongfully deceived or misled the plaintiff in order to conceal the existence of a cause of action.' " Id. (quoting English v. Pabst Brewing Co., 828 F.2d 1047, 1049 (4th Cir. 1987)).
 
 
 6
 Dr. Young alleges no such deceit or misconduct on the part of her employer. She does complain that the EEOC and the district court clerks' office did not tell her whom to sue. This failure, if it is a failure, can hardly be blamed on HHS. Moreover, appellant does not come to the table with the proverbial "clean hands" required of those who would seek equity. She waited more than two years to amend her complaint, a year and a half of which she was represented by counsel, and moved to amend her complaint only when the government moved for a dismissal.
 
 III.
 
 7
 In short, the district court conscientiously considered the question posed by the Supreme Court's remand, and determined that equitable tolling under Irwin would be inappropriate in Dr. Young's case.* Appellant gives us no reason to disagree. The judgment of the district court is therefore
 
 
 8
 AFFIRMED.
 
 
 9
 *Dr. Young also seeks retroactive application of two recently enacted laws: (1) the 1991 amendment to Rule 15(c), which relaxed the requirements for "relation back"; and (2) the Civil Rights Act of 1991, which extended the Title VII limitations period from 30 to 90 days. Neither of these questions are within the scope of the Supreme Court's remand, and so we decline to consider them here. Dr. Young did not even make the Rule 15(c) argument to the district court; she advances it for the first time on this appeal. In any event, it would be unjust to apply these laws retroactively to a complaint that is now over seven years old, especially when the plaintiff has made no case for equitable tolling. At some point, the defendants in this case must be entitled to repose.