9 F.3d 1543
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Frank L. HINTON, Plaintiff-Appellant,
v.
Richard CHENEY, Secretary of Defense, Defendant-Appellee,
and
Jay STEVENS, Honorable; William Barr, Honorable, Defendants.
 No. 93-1263.
 United States Court of Appeals,
Fourth Circuit.
 Argued: July 12, 1993.
Decided: November 9, 1993.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Alexander Harvey, II, Senior District Judge. (CA-92-1591-H)
 Argued: Erroll D. Brown, Landover, Maryland, for Appellant.
 James G. Warwick, Assistant United States Attorney, Baltimore, Maryland, for Appellee.
 On Brief: Gary P. Jordan, United States Attorney, Baltimore, Maryland, for Appellee.
 D.Md.
 AFFIRMED.
 Before WILKINSON, WILKINS, and NIEMEYER, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Frank L. Hinton filed suit against the Secretary of Defense under Title VII of the Civil Rights Act of 1964, 42 U.S.C.s 2000e-16, alleging that he was the victim of racial discrimination and retaliation for engaging in protected activity when he was removed from a special training program at the Defense Mapping Agency ("DMA"), a division of the Department of Defense. His original complaint, which was filed on the last day permitted by the applicable statute of limitation in the district court for the District of Columbia, was dismissed for improper venue. Thirty-nine days later, without appealing that order of the D.C. district court or a subsequent order denying his request to transfer the case to the proper forum, Hinton filed a second complaint in the district court for the District of Maryland. The Maryland district court dismissed this second complaint as untimely. Hinton now appeals, arguing that equitable tolling should apply to excuse his late filing in Maryland. Because we determine that equitable relief is not appropriate under the circumstances of this case, we affirm.
 
 
 2
 * Hinton, a black male, worked as a lithographic trainee in the DMA's Upward Mobility Program. If he had successfully completed the program, he would have been eligible for a position in the Graphic Arts Department at a higher grade level and salary. On October 3, 1989, however, program supervisors decided to terminate Hinton's involvement in the program and return him to a position equivalent to that of a supply clerk, the position he held before entering the program. The reasons given for the decision to remove Hinton were poor attendance; lack of motivation, initiative, and cooperation; unwillingness to learn training assignments; inability to work with others; and low productivity.
 
 
 3
 Hinton challenged his demotion, arguing that it was based on racial discrimination and retaliation for prior protected activity. The Chief of the Graphic Arts Department reviewed the supervisors' decision and agreed with it, concluding that the demotion was warranted by Hinton's erratic performance and inability to meet the requirements of the program as demonstrated over the preceding 34 months. On review by the Merit Systems Protection Board ("Board"), an administrative law judge affirmed the agency action, concluding that Hinton was unable to establish a prima facie case of discrimination or to show that his supervisors were aware of any prior protected activity. Hinton's petition for review by the full Board was denied.
 
 
 4
 Hinton then sought review by the Equal Employment Opportunity Commission ("EEOC"), which agreed with the Board and also concluded that Hinton had failed to present a prima facie case of either discrimination or retaliation. The EEOC's decision, issued on February 7, 1991, and sent to Hinton, contained the following admonition:
 
 RIGHT TO FILE A CIVIL ACTION
 
 5
 This decision of the Commission is final, and there is no further right of administrative appeal from the Commission's decision. However, you have the right to file a civil action in the appropriate United States District Court, based on the decision of the Merit Systems Protection Board, WITHIN THIRTY (30) DAYS of the date that you receive the commission's decision. See 29 C.F.R. § 1613.421(c) and (d).
 
 
 6
 On March 11, 1991, Hinton, acting pro se, filed suit in the district court for the District of Columbia, alleging claims under Title VII and the common law. Determining that the suit should have been filed in the District of Maryland, the court dismissed the action on March 12, 1992 for improper venue. Acting through an attorney, Hinton then filed a motion for reconsideration, arguing in part that "any result which puts the plaintiff in the position of having to refile in another court subjects him to economic hardship and the threat of a second filing being ruled untimely." He requested alternatively that the case be transferred to the District of Maryland. The court denied this motion on April 27, 1992, stating in its order,"contrary to plaintiff's assertion that dismissal of this case will result in a subsequent filing being ruled untimely, plaintiff filed this case well within the 90-day statutory time limit for Title VII." The actual limit governing Hinton's action, however, is, as Hinton argued and as stated in the EEOC decision, 30 days. See 5 U.S.C. § 7703(b)(2).
 
 
 7
 Hinton took no appeal from the D.C. district court's decisions. Rather, acting again through counsel, he filed a second action in the district court for the District of Maryland on June 5, 1992, 39 days after the D.C. district court's order. Pursuant to the Secretary's motion to dismiss, based on the suit's untimeliness, the Maryland district court dismissed the case.
 
 
 8
 The court applied the 30-day time limit for filing a challenge to a decision by the Board, found in 5 U.S.C. § 7703, treating it as a statute of limitations. The court concluded that the filing in the District of Columbia was untimely, and even if it were timely, the subsequent filing in the District of Maryland was not. The court also refused to apply equitable tolling of the running of the limitations period as requested by Hinton, based on the D.C. district court's misstatement in its order of dismissal.
 
 II
 
 9
 Hinton contends that his filing in the District of Columbia was timely, and that even if his filing in the District of Maryland was not, equitable tolling should apply, primarily because of the erroneous statement made by the D.C. district court that the applicable statute of limitations was 90 days. The government now concedes that Hinton's case was timely filed in the District of Columbia.[1] With regard to Hinton's filing in Maryland, however, the government asserts that it is untimely because Hinton did not file it within 30 days after he received notice of the EEOC opinion, nor even within 30 days of the dismissal of his first suit, and that the district court was correct in declining to afford equitable relief in the circumstances of this case.
 
 
 10
 Hinton sought review of the DMA's decision to demote him, first by the Merit Systems Protection Board and then by the EEOC. See 5 U.S.C. § 7702(a)(3), (b)(1)(employee may seek review by the EEOC within 30 days of notice of the Board decision). Because the EEOC concurred in the Board decision, the Board's decision is the judicially reviewable action, see 5 U.S.C.s 7702(5)(A), and review of that decision is governed by § 7703, which provides that
 
 
 11
 Cases of discrimination subject to the provisions of section 7702 of this title shall be filed under section 717(c) of the Civil Rights Act of 1964 (42 U.S.C. 2000e-16(c)).... Notwithstanding any other provisions of law, any such case filed under any such section must be filed within 30 days after the date the individual filing the case received notice of the judicially reviewable action under such section 7702.
 
 
 12
 5 U.S.C. § 7703(b)(2) (emphasis added); see 29 C.F.R. § 1613.421(d).
 
 
 13
 Although Hinton did not file his action in Maryland within 30 days after he received the EEOC's opinion, he asserts that a doctrine of equitable tolling should apply, relying on Irwin v. Department of Veterans Affairs, 498 U.S. 89 (1990). The Supreme Court there determined that the 30-day time limit under 42 U.S.C.s 2000e-16[2] was a statute of limitations subject to equitable tolling, rather than an absolute jurisdictional limit. The Court observed, however, that because the statute is one waiving sovereign immunity and allowing suits against the government, it must be construed strictly, but not unnecessarily narrowly. The Court concluded that "rebuttable presumption of equitable tolling applicable to suits against private defendants should also apply to suits against the United States," 498 U.S. at 95-96, noting that "[s]uch a principle is likely to be a realistic assessment of legislative intent as well as a practically useful principle of interpretation." Id. at 95. It observed that Congress remains free to indicate in any case that it does not wish equitable tolling to be available.
 
 
 14
 In this case, however, we are called on to construes 7703, not § 2000e-16. Although similar, the language of the two statutes differs slightly. The language of § 7703 provides that the 30-day time limit applies "Notwithstanding any other provisions of law," whereas § 2000e-16 states only that a claim must be filed "[w]ithin thirty days." Notwithstanding that difference, some courts have applied equitable tolling principles to § 7703. See Nunnally v. MacCausland, 996 F.2d 1, (1st Cir. 1993); Williams-Scaife v. Department of Defense Dependent Schools, 925 F.2d 346, 348 & n.4 (9th Cir. 1991); but see Dean v. Veterans Admin. Regional Office, 943 F.2d 667, 670 (6th Cir. 1991) (concluding that Irwin did not overrule Hilliard v. United States Postal Service, 814 F.2d 325 (6th Cir. 1987), which held that equitable tolling does not apply to § 7703), vacated on other grounds, 112 S. Ct. 1255 (1992). Without deciding whether, in the proper circumstances, equitable tolling should be applied tos 7703, we hold that in this case the circumstances do not justify its application.
 
 
 15
 Equitable tolling is a remedy traditionally applied only sparingly. See Irwin, 498 U.S. at 96; English v. Pabst Brewing Co., 828 F.2d 1047, 1049 (4th Cir. 1987), cert. denied, 486 U.S. 1044 (1988). Hinton nevertheless argues that he is entitled to equitable relief because he relied on the misstatement in the opinion of the D.C. district court that the limitations period was 90 days. The government argues in response that Hinton was aware of the discrepancy and could have appealed the decision of the District of Columbia court. More importantly, he was specifically advised in the EEOC's written order that the time was 30 days. Because he was aware of the 30-day limit, the government argues, Hinton should not be entitled to assume that 90 days was correct. At a minimum, the government argues, Hinton should have been on notice to check. We agree with the government's position.
 
 
 16
 We have generally allowed for equitable relief only when the defendant misled or deceived the plaintiff in order to prevent the plaintiff either from discovering the existence of a cause of action or from filing a timely claim.[3] See Olson v. Mobile Oil Corp., 904 F.2d 198, 201 (4th Cir. 1990); English, 828 F.2d at 1049. Hinton argues, however, that Irwin recognized additional grounds for equitable relief which are not dependent upon defense misconduct and should apply to this case. In Irwin, the Supreme Court discussed the application of equitable relief generally, stating:
 
 
 17
 We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights.
 
 
 18
 498 U.S. at 96 (footnotes omitted). Even assuming that Irwin does require us to broaden the scope of factors that we consider with regard to equitable relief, it is Hinton's failure "to exercise due diligence" that leads us to deny equitable relief. Hinton was explicitly advised, in writing, that he had 30 days to appeal. On the last day of the time period, he filed suit in the wrong forum. When the D.C. district court dismissed the case for improper venue, Hinton asked for reconsideration based on the potential time prejudice and for a transfer. When the D.C. district court rejected his plea, Hinton failed to appeal to the Court of Appeals for the D.C. Circuit. Moreover, he waited yet 39 days more before filing a second suit in Maryland. The Maryland suit was thus filed almost 16 months after the EEOC's order, and, even if the time when the District of Columbia case was pending is not counted, an issue which we need not decide, the suit was still filed some 70 days after the EEOC's order and, indeed, 39 days after the D.C. district court's order.
 
 
 19
 Because of Hinton's own failure to exercise due diligence, we refuse to consider the principles of equitable tolling, and we affirm the district court's order dismissing this case.
 
 AFFIRMED
 
 
 [1]
 Hinton apparently received the EEOC decision on February 8, 1991. Because the thirtieth day thereafter fell on March 10, 1991, a Sunday, Hinton's filing the next business day, March 11, was timely under Federal Rule of Civil Procedure 6(a)
 
 
 [2]
 The time period in § 2000e-16 has since been extended to 90 days. Civil Rights Act of 1991, Pub. L. No. 102-166, § 114(1), 1991 U.S.C.C.A.N. (105 Stat.) 1071, 1079 (codified as amended at 42 U.S.C. § 2000e-16)
 
 
 [3]
 Although Hinton originally argued that misconduct by the DMA led him to file his first complaint in the wrong court, he conceded at oral argument that the actions by the DMA as alleged were not sufficient to warrant equitable tolling on this basis. Hinton had pointed only to the facts that the DMA phone number is listed in the government section of the Washington D.C. phone book and that the DMA gives its address as 6500 Brooks Lane, Washington, D.C., when in fact the office is located in Maryland. As Hinton acknowledged, these actions are simply inadequate to support a conclusion that the DMA acted to mislead Hinton into filing his complaint in the wrong court