**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

TOMMY E. FOLLIN, SR.,
Plaintiff-Appellant,

v.

SAFEWAY, INCORPORATED; MILK
DRIVERS AND DAIRY EMPLOYEES
UNION LOCAL NO. 246, I.B.T.,

No. 97-2398

Defendants-Appellees,

INTERNATIONAL BROTHERHOOD OF
TEAMSTERS, CHAUFFEURS,
WAREHOUSEMEN AND HELPERS OF
AMERICA; DRIVERS, CHAUFFEURS AND
HELPERS, LOCAL 639, I.B.T.,
Defendants.

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Frederic N. Smalkin, District Judge.
(CA-97-1057-S)

Submitted: September 8, 1998

Decided: November 23, 1998

Before WIDENER and NIEMEYER, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Joe C. Ashworth, Leonardtown, Maryland, for Appellant. John R. Mooney, MOONEY, GREEN BAKER, GIBSON & SAINDON, P.C., Washington, D.C.; Harry W. Burton, Scott B. Gilley, MORGAN, LEWIS & BOCKIUS, L.L.P., Washington, D.C., for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Tommy E. Follin, Sr. was employed as a dairy driver out of Safeway Incorporated's distribution facility in Landover, Maryland, and was represented by the Milk Drivers and Dairy Employees Union Local 246, I.B.T., the exclusive bargaining agent for Safeway's Landover-based dairy drivers. On June 13, 1996, at a meeting attended by Follin, the Local 246 membership voted to merge with the Drivers, Chauffeurs and Helpers, Local 639, I.B.T. On June 21, 1996, Follin filed a grievance alleging that the June 13th vote to transfer the drivers to Local 639 violated a provision in an addendum to the collective bargaining agreement between Local 246 and Safeway. On or about October 16, 1996, Safeway told Follin to bid on delivery routes posted on Local 639's bid board (previously Follin would have bid on routes posted on Local 246's board). On October 19, 1996, Follin wrote a letter to Ron Carey, General President of the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America ("I.B.T."), protesting his transfer from Local 246 to Local 639. On April 9, 1997, Follin filed an action in the district court alleging that Safeway had violated Section 301 of the Labor Management Relations Act and that Locals 246, 639, and the I.B.T. had breached their duty of fair representation by allowing the drivers to be transferred from Local 246 to Local 639. The district court granted the Defendants' motion to dismiss on the ground that Follin's action was untimely filed. For the reasons that follow, we affirm.

2

In <u>DelCostello v. International Bhd. of Teamsters</u>, 462 U.S. 151, 120 (1983), the Supreme Court held that hybrid suits brought against employers pursuant to Section 301 of the Labor Management Relations Act and against unions for breach of duty of fair representation are governed by the six-month statute of limitations set forth in Section 10(b) of the National Labor Relations Act. <u>See</u> 29 U.S.C. § 160(b) (1994). The parties agree that Section 10(b)'s six-month limitation period applies.

The question of when a federal cause of action "accrues" and the related question of whether it is "tolled" by subsequent conduct or events are federal questions determined by federal law. The general rule is that a cause of action accrues when the plaintiff knows or should know that a violation of his rights has occurred. <u>See Cox v. Stanton</u>, 529 F.2d 47, 50 (4th Cir. 1975). In hybrid § 301/fair representation suits, courts have stated that the claim arises when the plaintiff could first successfully maintain a suit based on that cause of action, <u>see Santos v. District Council of New York City & Vicinity of United Bhd. of Carpenters & Joiners of Am., AFL-CIO</u>, 619 F.2d 963, 968-69 (2d Cir. 1980), or when the claimant discovers, or in the exercise of reasonable diligence should have discovered, the acts constituting the alleged violation. <u>See Metz v. Tootsie Roll Indus., Inc.</u>, 715 F.2d 299, 304 (7th Cir. 1983) (and cases cited therein).

Based upon the above uncontested facts, we agree with Appellees and the district court that Follin's action was untimely filed. As of June 13, 1996, Follin was aware that his fellow drivers voted to transfer from Local 246 to Local 639. It is clear that Follin was aware of this fact because he filed a grievance on June 21, specifically referring to the June 13 membership vote and his contention that the vote to transfer drivers to Local 639 was in violation of the collective bargaining agreement.*

Further, we do not find that Follin's letter to the I.B.T. General President tolled the filing period. Traditionally, the doctrine of equitable tolling has been applied sparingly, <u>see Irwin v. Department of Veterans Affairs</u>, 498 U.S. 89, 96 (1990), and we have previously stated

_____

*Specifically, Follin contended that the vote required unanimous consent of all affected drivers and that he did not so consent.

3

that the doctrine should be limited to circumstances in which a defendant has wrongfully acted to prevent a plaintiff from discovering the existence a cause of action. See English v. Pabst Brewing Co., 828 F.2d 1047, 1049 (4th Cir. 1987). Because Follin's letter did not invoke any definite internal union procedure, the district court correctly held that it was insufficient to toll the six-month statute of limitations period. See Pantoja v. Holland Motor Express, Inc., 965 F.2d 323, 328-29 (7th Cir. 1992).

Because we find that the district court correctly dismissed action as untimely, we decline to address Follin's contention that the district court erred in its alternative finding that the action failed on the merits. Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented and argument would not aid the decisional process.

AFFIRMED

4