UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

DEBORAH L. BECKER,
             *Plaintiff-Appellant,*

v.

GANNETT SATELLITE INFORMATION
NETWORK, INCORPORATED, d/b/a USA
Today Newspaper,
             *Defendant-Appellee.*

No. 00-2122

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Claude M. Hilton, Chief District Judge.
(CA-99-1773-A)

Argued: March 1, 2001

Decided: May 22, 2001

Before WIDENER and MICHAEL, Circuit Judges, and
Cynthia H. HALL, Senior Circuit Judge of the
United States Court of Appeals for the Ninth Circuit,
sitting by designation.

Affirmed by unpublished per curiam opinion.

## COUNSEL

**ARGUED:** Robert Charles Seldon, PROJECT ON LIBERTY AND
THE WORKPLACE, Washington, D.C., for Appellant. Robert
Charles Bernius, NIXON PEABODY, L.L.P., Washington, D.C., for
Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Deborah Becker sued her employer, Gannett Satellite Information Network, Inc. ("USA Today"), under the Equal Pay Act, 29 U.S.C. § 206(d), and Title VII, 42 U.S.C. § 2000e-2(a). She alleged that USA Today paid her less than comparable male colleagues on account of her sex. She also claimed that USA Today retaliated against her for filing this lawsuit. The district court granted USA Today's motion for summary judgment. Becker now appeals, and we affirm.

I.

In 1982 USA today hired Becker as a news assistant in the sports department. In February 1984 USA Today promoted her to the position of reporter. Becker wrote about several different sports but primarily covered women's college basketball. Her long-term goal was to cover the Olympics on a regular basis. She wrote some stories for the 1988 and 1992 Olympics, but women's college basketball remained her primary beat. In 1994 Becker began to receive more Olympic assignments. The following year she was assigned to cover on a regular basis two of the more popular Olympic sports, figure skating and gymnastics.

Stephen Woodward was hired along with Becker as a news assistant in 1982. Woodward's long-term goal, like Becker's, was to cover the Olympics on a regular basis. However, he achieved this goal much quicker than Becker did. While Becker did not regularly cover the Olympics until 1995, Woodward was assigned the Olympic beat in 1986. Further, while Becker was assigned to cover only figure skating and gymnastics, Woodward covered all aspects of the Olympics. Woodward's broader assignment, for example, involved reporting about the political and business side of the Olympics and included stories on the International Olympic Committee and the organizing

cities. In addition to his Olympic reporting, Woodward wrote regular columns on sports television and the Olympics. Woodward also contributed frequently to the horse racing beat. He resigned from USA Today in 1994.

Becker has long complained that USA Today paid her less than Woodward on account of her sex. When Woodward and Becker were hired in 1982, Woodward was paid $1,000 more per year. Shortly after she was hired, Becker filed a written complaint with the paper, alleging that the pay disparity was based solely upon sex discrimination. She thereafter complained every year as part of her annual job evaluation that she was not receiving fair pay.

In January 1999 Becker received a promotion from the position of Olympic reporter to Assistant Golf and Tennis Editor. Because of the demands of her new responsibilities, Becker's Olympic gymnastics beat was reassigned to a different reporter. Becker did, however, retain coverage of Olympic figure skating. Shortly after she was promoted, Becker filed a complaint with the Equal Employment Opportunity Commission (EEOC). Becker alleged that she had been unfairly paid compared to Woodward because of sex discrimination. The EEOC found no probable cause, and Becker filed this present action in federal court. Becker sued USA Today under the Equal Pay Act, 29 U.S.C. § 206(d), and Title VII, 42 U.S.C. § 2000e-2(a), alleging that she was unfairly paid compared to male colleagues on account of sex. Becker claimed not only that she was unfairly paid relative to Woodward, but also that she was unfairly paid relative to her fellow male editors. After she filed suit, USA Today decided not to send Becker to Sydney to cover the 2000 Summer Olympics. Becker then amended her complaint, alleging that the decision not to send her to the Olympics was in retaliation for filing this suit.

The district court granted USA Today's motion for summary judgment. The court held that the statutes of limitations for the Equal Pay Act and Title VII only allowed the court to consider Becker's more recent allegations of pay disparity. To the extent her claims were not time barred, the court held that Becker could not show any violation because she actually earned more than Woodward did. In the alternative, the court held that Becker could not show that she and Woodward held comparable jobs. The court, however, appeared to overlook

Becker's claim that she was unfairly paid relative to her fellow male editors. Finally, the court granted USA Today's summary judgment motion on Becker's retaliation claim. The court held that although USA Today failed to send her to Sydney, Becker suffered no adverse employment action. Becker appeals, and we review the district court's grant of summary judgment de novo, *see, e.g.*, *Kubicko v. Ogden Logistics Servs.*, 181 F.3d 544, 551 (4th Cir. 1999).

## II.

Becker challenges the district court's conclusion that her Equal Pay Act and Title VII pay disparity claims are largely time barred. Specifically, Becker argues that she can show that USA Today committed a continuing violation, which requires us to look at conduct beyond the statutes of limitations. She also claims that the district court should have equitably tolled the statutes of limitations. We disagree with Becker.

The Equal Pay Act has a two-year statute of limitations unless the plaintiff claims that the defendant's conduct was willful, in which case a three-year period applies. *See* 29 U.S.C. § 255(a). Because Becker alleges that USA Today's actions were willful, the court properly applied the three-year statute to Becker's claims. This meant that Becker had to show an Equal Pay Act violation within three years of November 23, 1999, the date she filed her lawsuit. *See Brinkley-Obu v. Hughes Training, Inc.*, 36 F.3d 336, 346 n.20 (4th Cir. 1994). Becker also claimed that the alleged pay disparity was in violation of Title VII, which in this case has a three-hundred-day statute of limitations. *See* 29 C.F.R. § 1601.13(a)(4)(ii)(A).

Becker claims that she can show a continuing violation that enables her to complain about conduct beyond the statutes of limitations. Under the Equal Pay Act and Title VII a plaintiff may rely upon conduct outside of the statute of limitations if she can show a continuing violation. *See, e.g.*, *Tinsley v. First Union Nat'l Bank*, 155 F.3d 435, 442 (4th Cir. 1998); *Brinkley-Obu*, 36 F.3d at 347. However, in order to take advantage of the continuing violation principle, the plaintiff must show an actual Title VII or Equal Pay Act violation within the statutes of limitations. *See, e.g.*, *Tinsley*, 155 F.3d at 442. As we will discuss in part III, Becker cannot show a violation within the statutes

of limitations. Accordingly, the court did not err in failing to consider, under the continuing violation principle, conduct outside of the limitations periods.

Becker also argues that the district court should have equitably tolled the three-year and three-hundred-day statutes of limitations. Equitable tolling is available only in the rare instances in which "the defendant has wrongfully deceived or misled the plaintiff in order to conceal the existence of a cause of action." *C.M. English v. Pabst Brewing Co.*, 828 F.2d 1047, 1049 (4th Cir. 1987). USA Today's salary structure is confidential, and Becker claims that USA Today wilfully concealed the fact that Woodward and other comparable male colleagues were paid more. However, Becker's complaints of unfair pay on account of her sex are longstanding. Only a few months after she was hired, Becker filed a written complaint with the paper claiming that she was being unfairly paid relative to Woodward on account of her sex. Becker subsequently complained during each of her annual evaluations that she was being unfairly paid. Therefore, Becker was not deceived; she knew that she had a potential cause of action as far back as 1982. Accordingly, the district court did not err in failing to equitably toll the statutes of limitations.

III.

Becker challenges the district court's conclusion that to the extent her pay disparity claims are timely filed, she cannot show a violation of the Equal Pay Act or Title VII. The court held that Becker cannot show any actual pay disparity. In the alternative, the court held that Woodward and Becker did not share comparable jobs. Becker challenges both conclusions. We need not reach the question of whether there was an actual pay disparity because Becker cannot show that she was unfairly paid relative to a comparable male employee.

"A plaintiff may assert claims based on unequal pay for equal work under both the Equal Pay Act and Title VII." *Brinkley-Obu*, 36 F.3d at 343. Under the Equal Pay Act a plaintiff must show that the employer paid more to an employee of the opposite sex "for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions." 29 U.S.C. § 206(d)(1). Under Title VII a plaintiff's bur-

den of showing that she shared a comparable job with a male employee is relaxed. *See Brinkley-Obu*, 36 F.3d at 343. She need only show that "the job she occupied was similar to higher paying jobs occupied by males." *Id.*

We do not think that Becker can meet either the Equal Pay Act or Title VII standard for showing that she was unfairly paid relative to a comparable male employee. Becker claims that she was paid less than her fellow male assistant editors when she was promoted to Assistant Golf and Tennis Editor. Because Becker was promoted in 1999, this claim is within the Equal Pay Act and Title VII statutes of limitations. When Becker was promoted, she was paid less than all but one male editor. It appears that the district court overlooked this claim. However, after reviewing the record, it is clear to us that Becker has offered no evidence in support of this claim. Becker has not presented any meaningful comparison of her job responsibilities with any specific male editor.

Becker, however, primarily complains that she was unfairly paid relative to Woodward when they were Olympic reporters. Woodward was an Olympic reporter for USA Today from 1986 until his resignation in 1994. Becker was assigned the Olympics beat on a regular basis from 1995 until 1999. This time frame includes the limitations periods. Becker claims that she was paid less compared to Woodward even though they were both Olympic reporters. However, Becker and Woodward had quite different responsibilities as Olympic reporters. Becker covered only gymnastics and figure skating. Woodward covered all aspects of the Olympics, including reporting on the political and business side of the Games. Indeed, on average Woodward wrote sixty-seven percent more Olympic articles per year than Becker did for the period that they were Olympic reporters. Further, Woodward regularly wrote columns on sports television and the Olympics. Becker did not write a column for the paper. In light of these differences, we cannot conclude that Becker and Woodward had comparable jobs under either the Equal Pay Act or Title VII standard.

Finally, Becker claims that she was unfairly paid compared to Woodward when they were initially hired in 1982. However, this period is well beyond the Equal Pay Act and Title VII statutes of limitations. Because Becker cannot show a violation within the statutes

of limitations, she cannot rely upon the continuing violation principle. Therefore, Becker may not complain about her pay disparity in her early days with the paper. In conclusion, Becker cannot show that she was unfairly paid relative to any comparable male colleague within the statutes of limitations. Accordingly, the district court did not err in granting USA Today's motion for summary judgment on her Equal Pay Act and Title VII pay disparity claims.

## IV.

Finally, Becker argues that the district court erred in granting summary judgment on her retaliation claim. Becker claims that USA Today retaliated against her for filing this suit by failing to send her to Sydney to cover the 2000 Summer Olympics. The district court held that Becker did not suffer an adverse employment action. We agree. To establish a prima facie claim of retaliation under Title VII, a plaintiff in part must show that she suffered an adverse employment action. *See, e.g.*, *EEOC v. R&R Ventures*, 244 F.3d 334, 341 (4th Cir. 2001). The action must amount to more than a nondetrimental or insignificant alteration of job responsibilities. *See Von Gunten v. Maryland*, 243 F.3d 858, 866 (4th Cir. 2001) ("Adverse employment action includes any retaliatory act or harassment if, but only if, that act or harassment results in an adverse effect on the 'terms, conditions, or benefits' of employment." (quoting 42 U.S.C. § 2000e-3)). At the time USA Today made its decision on whom to send to Sydney, Becker no longer covered any Summer Olympics sports due to her promotion. Because she did not cover any Summer Olympics sports, USA Today's failure to send her to Sydney did not significantly alter her job responsibilities in any detrimental or significant way. Becker therefore did not suffer any adverse employment action. Accordingly, the district court did not err in granting summary judgment on Becker's retaliation claim.

## V.

For the foregoing reasons, the order granting USA Today's motion for summary judgment is affirmed.

*AFFIRMED*