UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

CHERYL S. EATON,

    *Plaintiff-Appellant,*

v.

DIGITAL EQUIPMENT CORPORATION,
d/b/a Compaq Computer
Corporation,

    *Defendant-Appellee.*

No. 00-2526

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Richard L. Williams, Senior District Judge.
(CA-00-353-3)

Submitted: May 31, 2001

Decided: June 14, 2001

Before NIEMEYER and KING, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Scott Gregory Crowley, CROWLEY & CROWLEY, Richmond, Virginia, for Appellant. David C. Casey, Douglas T. Schwartz, BINGHAM DANA, L.L.P., Boston, Massachusetts, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Cheryl S. Eaton appeals the district court's order dismissing her civil suit and granting judgment in favor of Digital Equipment Corporation in this employment discrimination action. Eaton filed this suit alleging, inter alia, sexual harassment and retaliatory discharge from her employment with Digital Equipment Corporation in violation of Title VII. *See* 42 U.S.C.A. §§ 2000e - 2000e-17 (West 1994 & Supp. 2000). The district court dismissed, finding that Eaton did not file a timely charge of discrimination with the EEOC. Title VII requires that an administrative charge be filed with the EEOC within 300 days after the alleged unlawful practice if the aggrieved person presented the claim to a state deferral agency. 42 U.S.C. § 2000e-5(e)(1) (1994); *Tinsley v. First Union Nat'l Bank*, 155 F.3d 435, 440 (4th Cir. 1998). Eaton appeals the dismissal claiming that the district court erred in declining to grant her equitable relief from the requirement of filing a timely charge of discrimination. Finding no error in the district court's order, we affirm.

Courts strictly adhere to the time limits in the statute and rarely allow equitable tolling of limitations periods. *See Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 95-96 (1990). There are, however, narrow circumstances which may result in the district court's setting aside the limitations. Equitable tolling applies where the defendant has wrongfully deceived or misled the plaintiff in order to conceal the existence of a cause of action; equitable estoppel applies where the defendant engages in intentional misconduct to cause a plaintiff to miss a filing deadline. *English v. Pabst Brewing Co.*, 828 F.2d 1047, 1049 (4th Cir. 1987); *see generally Olson v. Mobil Oil Corp.*, 904 F.2d 198, 200-02 (4th Cir. 1990). Our review of the record and materials before the court reveals that the district court did not err in declining to apply equitable tolling to the facts of this case. *See Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984); *see*

*also Biester v. Midwest Health Servs., Inc.*, 77 F.3d 1264, 1268 (10th Cir. 1996). Neither was there error in its refusal to estop Digital from relying on the untimeliness of Eaton's filing before the EEOC. *See English*, 828 F.2d at 1049; *see also Irwin*, 498 U.S. at 96.

Accordingly, we affirm the district court's order dismissing this civil action. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*