**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-1793**

ANNA ANITA HUFF,

        Plaintiff - Appellant,

    v.

BOARD OF GOVERNORS OF THE UNIVERSITY OF NORTH CAROLINA –
CONSTITUENT N.C. A&T STATE UNIVERSITY,

        Defendant - Appellee.

Appeal from the United States District Court for the Middle
District of North Carolina, at Durham.  William L. Osteen, Jr.,
District Judge.  (1:07-cv-00895-WO-RAE)

Submitted:  April 30, 2009         Decided:  June 12, 2009

Before NIEMEYER, DUNCAN, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Romallus O. Murphy, Greensboro, North Carolina, for Appellant.
Roy Cooper, North Carolina Attorney General, John P. Scherer II,
Assistant Attorney General, Raleigh, North Carolina, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anna Anita Huff appeals from the district court's order granting the Employer's motion to dismiss for failure to file a timely EEOC charge of discrimination in Huff's employment discrimination action. Finding no error, we affirm.

We review de novo a district court's decision granting a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).* See Etape v. Chertoff, 497 F.3d 379, 382 (4th Cir. 2007). A Title VII plaintiff must comply with 42 U.S.C.A. § 2000e-5(e)(1) (West 2006 & Supp. 2009) in order to pursue her claim in federal court. The statute requires a plaintiff to file her charge of discrimination with the EEOC within the appropriate 180- or 300-day period after an "alleged unlawful employment practice" occurred. In determining whether the 180- or 300-day period applies, courts look to the state where the claim arose. In this case the 180-day period applied. Huff filed her EEOC charge of discrimination on August 10, 2007, well past the 180-day filing period, which expired on March 12, 2007.

---

\* Although the district court stated in its ruling from the bench that the motion should be considered under Fed. R. Civ. P. 12(b)(1) and 12(b)(6), the court ruled that there was a lack of jurisdiction and not that Huff failed to state a claim.

2

Huff alleges that the Employer deliberately delayed stating the reasons for the termination of her employment, so that she was unable to "obtain vital information bearing on the existence of her claim" and argues equitable tolling or equitable estoppel should apply. Equitable tolling and equitable estoppel are separate methods of modifying a limitations period. Equitable tolling applies where the defendant has wrongfully deceived or misled the plaintiff in order to conceal the existence of a cause of action; equitable estoppel applies where the defendant engages in intentional misconduct to cause a plaintiff to miss a filing deadline. English v. Pabst Brewing Co., 828 F.2d 1047, 1049 (4th Cir. 1987); Morse v. Daily Press, Inc., 826 F.2d 1351, 1352-53 (4th Cir. 1987).

As noted by the district court, Huff has presented no facts that would merit the application of equitable tolling or estoppel, nor does the record disclose any. While Huff may not have been told the reason for the termination because of the ongoing investigation for improperly handling funds, there is no evidence that the Employer did this in order to conceal a cause of action or intentionally delay an EEOC charge. Nor did the Employer take any actions that it should have unmistakably understood would cause Huff to delay filing her charges. See English, 828 F.2d at 1049.

3

Accordingly, we affirm the district court's order.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED