Dr. Dan LURIE

v.

Dr. Richard MESERVE.

No. Civ.A. DKC2001–2754.

United States District Court, D. Maryland.

Aug. 16, 2002.

Mindy G. Farber, Robert Taylor, Jr., Jacobs Jacobs and Farber LLC, Rockville, MD, for Plaintiff.

Ariana Wright Arnold, Jennifer Lilore Huesman, Office of the United States Attorney, Baltimore, MD, for Defendant.

## MEMORANDUM OPINION

CHASANOW, District Judge.

Presently pending and ready for resolution is the motion of Defendant, Dr. Richard Meserve ("Meserve"), to dismiss pursuant to FED.R.CIV.P. 12(b)(6) or, in the alternative, for summary judgment pursuant to FED.R.CIV.P. 56 and the motion of Plaintiff Dr. Dan Lurie ("Lurie") for leave to file a surreply. The issues are fully briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, Defendant's motion will be granted and Plaintiff's motion will be denied as moot.

### I. Background

The following facts are alleged by Plaintiff. Plaintiff is a 68 year old Caucasian male. Lurie has a PhD in Statistics and has been employed by the Nuclear Regulatory Commission ("NRC") as a mathematical statistician in the Division of Planning, Budget, and Analysis since 1976. Plaintiff has been a well-regarded and industrious employee of Defendant for the past twenty-four years.

For the past thirteen years, Lurie has received excellent performance evaluations. Yet Defendant has failed to award Lurie any performance awards or cash awards during that time. Lurie asserts that the reason he has not been granted any awards is age discrimination. On December 13, 2000, the awards ceremony date for Fiscal Year 2000, Plaintiff was not awarded a performance award, despite his evaluation of "outstanding."

On June 11, 2001, the Equal Employment Opportunity Commission ("EEOC") received a "Notice of Intent" letter to file a civil action from Lurie that he intended to file a lawsuit against the NRC for age discrimination. This notice was within 180 days of the December 13, 2000 award ceremony. Plaintiff subsequently filed this suit alleging age discrimination under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 et seq., the Maryland Annotated Code, Article 49B § 16, and the Montgomery County Code, Ch. 27-17 et seq. in the Circuit Court for Montgomery County, Maryland. Defendant removed the action to this court on September 14, 2001, pursuant to 28 U.S.C. § 1441(a). Defendants moved for dismissal or, in the alternative, summary judgment on November 19, 2001. Subsequently, based on additional information regarding Plaintiff's notice to the EEOC, Defendant withdrew that motion and filed a revised motion to dismiss or, in the alternative, for summary judgment on January 25, 2002. Lurie filed an opposition on March 11, 2002 and included an affidavit pursuant to Rule 56(f).

Defendant moves for dismissal or summary judgment asserting, *inter alia*, that (1) Plaintiff's claims regarding incidents prior to December 2000, are time-barred, (2) Lurie has not alleged an actionable adverse employment action as to the December 2000 claim, and (3) the claims based on alleged violations of State and Local discrimination laws are preempted by the ADEA. Plaintiff responds that he has adequately alleged a continuing violation claim under the ADEA, concedes that the State and Local claims should be dis-

missed, and withdraws his demand for a jury trial. Paper no. 17, p. 11 fn. 3.

Plaintiff has filed a motion for leave to file a surreply to Defendant's motion to dismiss or, in the alternative, for summary judgment. On July 17, 2002, the court invited the parties to submit additional memoranda on the impact of *National Railroad Passenger Corp. v. Morgan*, —— U.S. ——, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002), and both parties submitted additional briefs. Therefore, Plaintiff's motion for leave to file a surreply is moot and, as a result, will be denied.

## II. Standard of Review

Defendant filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) or, in the alternative, for summary judgment. "When a party is aware that material outside the pleadings is before the court, the party is on notice that a Rule 12(b)(6) motion may be treated as a motion for summary judgment." *Gay v. Wall*, 761 F.2d 175, 177 (4th Cir.1985). Summary judgment may only be granted after the nonmoving party has had "adequate time for discovery." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), *see also Gay*, 761 F.2d at 177 ("[A] party must be afforded a 'reasonable opportunity for discovery' before a Rule 12(b)(6) motion may be converted and summary judgment granted.") Plaintiff has filed an affidavit under Fed. R.Civ.P. 56(f) opposing summary judgment on the ground that information necessary for his opposition is unavailable or more discovery is necessary.[1] It is not enough for Plaintiff merely to lament the need for more discovery. " '[A] party may not sim-

---

1. Fed.R.Civ.P. 56(f) states: "Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just."

ply assert in its brief that discovery was necessary and thereby overturn summary judgment when it failed to comply with the requirement of Rule 56(f) to set out reasons for the need for discovery in an affidavit.' " *Nguyen v. CNA Corp.*, 44 F.3d 234, 242 (4th Cir.1995), *quoting Hayes v. North State Law Enforcement Officers Ass'n*, 10 F.3d 207, 215 (4th Cir.1993) (internal quotations omitted). Plaintiff is required to, "... focus our attention on an affidavit presented to the district court that particularly specifies legitimate needs for further discovery." *Nguyen*, 44 F.3d at 242. In his affidavit, Plaintiff fails to point to specific discovery needs regarding his knowledge of the alleged discrimination and, though the court proceeds with due caution when considering a motion for summary judgment before discovery is completed, Plaintiff's request for additional discovery is denied. Accordingly, the court will analyze his claims under the standard for summary judgment.

It is well established that a motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. FED. R.CIV.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In other words, if there clearly exist factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," then summary judgment is inappropriate. *Anderson*, 477 U.S. at 250, 106 S.Ct. 2505; *see also Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir.1987); *Morrison v. Nissan Motor Co.*, 601 F.2d 139, 141 (4th Cir.1979); *Stevens v. Howard D. Johnson Co.*, 181 F.2d 390, 394 (4th Cir.1950). The moving party bears the burden of showing that there is no genuine issue as to any material fact. FED.R.CIV.P. 56(c); *Pulliam Inv. Co.*, 810 F.2d at 1286 (citing *Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir.1979)).

When ruling on a motion for summary judgment, the court must construe the facts alleged in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962); *Gill v. Rollins Protective Servs. Co.*, 773 F.2d 592, 595 (4th Cir.1985). A party who bears the burden of proof on a particular claim must factually support each element of his or her claim. "[A] complete failure of proof concerning an essential element ... necessarily renders all other facts immaterial." *Celotex Corp.*, 477 U.S. at 323, 106 S.Ct. 2548. Thus, on those issues on which the nonmoving party will have the burden of proof, it is his or her responsibility to confront the motion for summary judgment with an affidavit or other similar evidence. *Anderson*, 477 U.S. at 256, 106 S.Ct. 2505.

In *Celotex Corp.*, the Supreme Court stated:

> In cases like the instant one, where the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the "pleadings, depositions, answers to interrogatories, and admissions on file." Such a motion, whether or not accompanied by affidavits, will be "made and supported as provided in this rule," and Rule 56(e) therefore requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the "depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial."

*Celotex Corp.,* 477 U.S. at 324, 106 S.Ct. 2548. However, " 'a mere scintilla of evidence is not enough to create a fact issue.' " *Barwick v. Celotex Corp.,* 736 F.2d 946, 958–59 (4th Cir.1984) (quoting *Seago v. North Carolina Theatres, Inc.,* 42 F.R.D. 627, 632 (E.D.N.C.1966), *aff'd,* 388 F.2d 987 (4th Cir.1967)). There must be "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson,* 477 U.S. at 249–50, 106 S.Ct. 2505 (citations omitted).

### III. Analysis

#### A. ADEA Claim

Defendant moves to dismiss or, in the alternative, for summary judgment as to Plaintiff's ADEA claim on the grounds that (1) all claims prior to the December 2000 award ("Pre– FY2000") are time-barred by the ADEA's statute of limitations and (2) the allegations concerning the December 2000 award ("FY2000") fail to state a claim, because Lurie was given a performance award in April 2001, thereby remedying his injury. Lurie responds that the April 2001 award did not make him whole and the pre-FY2000 claims are not time-barred under the continuing violation doctrine.

##### 1. *FY2000 Claim*

A plaintiff who seeks to assert a claim under the ADEA "must prove, with reasonable probability, that but for the age of the plaintiff, the adverse employment decision would not have been made." *Mitchell v. Data General Corp.,* 12 F.3d 1310, 1314 (4th Cir.1993). Defendant argues that Plaintiff has not alleged an actionable adverse employment action regarding his failure to receive a performance award in December 2000, because he was ultimately given a performance award for FY2000 in April 2001. Defendant characterizes Lurie's initial failure to receive an award as a "temporary situation" that does not constitute an adverse employment action. Paper no. 14, p. 11.

In order for a personnel action to be an adverse employment action, the action must be final and corrective action taken by defendant cannot be used as evidence that discrimination existed. *See Dennis v. County of Fairfax,* 55 F.3d 151, 153–54 (4th Cir.1995); *Howze v. Virginia Polytechnic Institute and State Univ.,* 901 F.Supp. 1091, 1096 (W.D.Va.1995). Plaintiff does not dispute that Defendant took corrective action in April 2001, but asserts that this corrective action does not make Plaintiff whole under 29 U.S.C. § 626(b), which authorizes the award of liquidated damages and attorneys fees. Paper no. 17, p. 11. However, "the final decision is the ultimate act" and "there [is] no legal effect from the initial actions." *Howze,* 901 F.Supp. at 1097. Because Defendant took corrective action, by granting plaintiff an award, a violation no longer exists under the ADEA with respect to the FY2000 award. Therefore, Plaintiff has failed to substantiate his claim of an adverse employment action under the ADEA, with respect to the FY2000 claim. Accordingly, Defendant's motion for summary judgment as to the FY2000 claim will be granted.

##### 2. *Continuing Violation Theory—Pre FY2000 claims*

Section 633a(d) of the ADEA requires Plaintiffs to file notice with the EEOC "within one hundred and eighty days after the unlawful practice occurred." 29 U.S.C. § 633a(d) (1998). Defendant asserts that Lurie's failure to receive performance awards from 1988 through 1999 is not actionable, as these incidents took place more than 180 days before Plaintiff

filed notice with the EEOC. Plaintiff responds that these actions, while outside the 180 day period, are part of a continuing violation by the Defendant and are therefore admissible, because untimely claims are allowed as long as there is one adequately asserted claim within the 180 day period. *See Thomas v. Eastman Kodak Co.,* 183 F.3d 38, 54 (1st Cir.1999) ("The continuing violation doctrine ensures that these plaintiffs' claims are not foreclosed merely because the plaintiffs needed to see a pattern of repeated acts before they realized that the individual acts were discriminatory.")

In *National Railroad Passenger Corp. v. Morgan,* —— U.S. ——, 122 S.Ct. 2061, 2073, 153 L.Ed.2d 106 (2002), the Court rejected the continuing violation theory and held:

> Discrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify. Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable "unlawful employment practice." [Plaintiff] can only file a charge to cover discrete acts that "occurred" within the appropriate time period.... All prior discrete discriminatory acts are untimely filed and no longer actionable.

Plaintiff asserts that this holding does not apply to him as the Court stated that "[t]here may be circumstances where it will be difficult to determine when the time period should begin to run" and "[o]ne issue that may arise in such circumstances is whether the time begins to run when the injury occurs as opposed to when the injury reasonably should have been discovered." *Id.* 122 S.Ct. at 2073 n. 7. This was not an issue in *Morgan,* as that plaintiff conceded that he knew of his asserted injuries when they occurred.

Lurie argues that there are genuine issues of material fact as to when he should have learned of the alleged discriminatory conduct and that he only learned of the violations in December 2000, therefore the time period should run from that date, as that is the discovery date. There are two flaws in this argument, however. First, nothing has been submitted to indicate that the discovery of the previous violations in December 2000 was when they reasonably should have been discovered, as opposed to discovering the violation at the time of injury. Lurie was aware that he did not receive any awards and does not provide any information that would indicate it was unreasonable to discover the injuries at the time that he did not receive the performance award. Equitable tolling of a statute of limitations only applies in limited circumstances, namely "where the defendant has wrongfully deceived or misled the plaintiff in order to conceal the existence of a cause of action." *C.M. English v. Pabst Brewing Co.,* 828 F.2d 1047, 1049 (4th Cir.1987). "To invoke equitable tolling, [Lurie] must therefore show that the defendant attempted to mislead him and that the plaintiff reasonably relied on the misrepresentation by neglecting to file a timely charge." *Id.* Second, the law is clear that the time period regarding ADEA claims "commences with the occurrence of the alleged unlawful practice." *J.D. Hamilton v. 1st Source Bank,* 928 F.2d 86, 88 (4th Cir.1990). The "court[ ] must first identify the alleged unlawful act [and][t]he date of that act marks the time from which the 180 days are counted." *Id.* Therefore, as admitted by Plaintiff, the statute of limitations for ADEA claims begins at the alleged discriminatory occurrence. Accordingly, Defendant's motion for summary judgment as to the Pre–FY2000 claims will be granted.

## B. Maryland and Montgomery County Claims

Defendant moves to dismiss Plaintiff's state and local claims on the ground that the ADEA "provides the exclusive remedy for federal employees alleging age discrimination, preempting all other claims, whether based on federal, state, or common law." Paper no. 14, p. 13. *See Purtill v. Harris,* 658 F.2d 134, 137 (3rd Cir. 1981) ("Congress intended section 15 of the ADEA to preempt [other] remedies arising out of age discrimination claims") and *Paterson v. Weinberger,* 644 F.2d 521, 525 (5th Cir.1981) ("Congress clearly intended that all such claims of age discrimination be limited to the rights and procedures authorized by the [ADEA]"). Plaintiff states in his opposition that he "is no longer pursuing his claims under the state and local discrimination laws, Md.Code Ann. Art. 49B, and Montgomery County Human Relations Act, Montgomery County Code, Chapter 27" and "he withdraws his demand for a jury trial." Paper no. 17, p. 11 n. 3. Therefore, Plaintiff's state and local claims will be dismissed.

## IV. Conclusion

A separate order will follow.

## ORDER

In accordance with the accompanying Memorandum Opinion, IT IS this ___ day of August, 2002, by the United States District Court for the District of Maryland, ORDERED that:

1. Defendant's motion for summary judgment BE, and the same hereby IS, GRANTED;

2. Plaintiff's motion for leave to file a surreply BE, and the same hereby IS, DENIED AS MOOT;

3. Judgment BE, and the same hereby IS, ENTERED in favor of Dr. Richard Meserve and against Dr. Dan Lurie on the ADEA claims;

4. Plaintiff's state and local discrimination claims BE, and the same hereby ARE, DISMISSED; and

5. The clerk transmit copies of the Memorandum Opinion and this Order to counsel for the parties and CLOSE this case.