**Sharon L. BLOUNT, Plaintiff**

v.

**Tommy G. THOMPSON, Secretary, U.S. Department of Health and Human Services, Defendant**

**No. CIV. PJM 03–2042.**

United States District Court, D. Maryland.

Aug. 24, 2004.

Sharon L. Blount, Fort Washington, MD, for Plaintiff.

Ariana Wright Arnold, James A. Frederick, Office of the United States Attorney, Baltimore, MD, for Defendant.

### MEMORANDUM OPINION

MESSITTE, District Judge.

### I.

Sharon Blount has filed a *pro se* Complaint against the U.S. Department of Health and Human Services ("HHS") alleging discrimination in her employment, ostensibly pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII").[1] HHS has filed a Motion to Dismiss, or, in the Alternative, for Summary Judgment, which Blount opposes. The Court will GRANT HHS's Motion for Summary Judgment.[2]

### II.

Blount, an African American woman, is a Consumer Safety Officer at the Food and Drug Administration ("FDA"), a division of HHS located in Rockville, Maryland. Alleging racial and religious discrimination, retaliation, and hostile work environment, she filed an administrative complaint with the Office of Equal Opportunity of HHS, which was dismissed because Blount had failed to present her allegations to the FDA's EEO counselor in timely fashion. Blount's appeal to the Equal Employment Opportunity Commission (EEOC) was denied on the same grounds.

Blount thereafter filed a Complaint for Declaratory and Injunctive Relief with this Court limiting her claim, however, to discrimination based on race and retaliation.

### III.

A motion for summary judgment under Fed.R.Civ.P. 56 will be granted if the evidence in the record shows no genuine issue of material fact. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (courts should enter summary judgment "against any party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial"). The burden is on the moving party to demonstrate the absence of any material issue of fact. *Id.* at 323, 106 S.Ct. 2548. Once the moving party satisfies this initial burden, the non-moving party "may not rest upon his allegations," but must present evidence demonstrating the existence of a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The court is obliged to view the inferences drawn from the facts in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Comp. v. Zenith Radio Corp.,* 475 U.S. 574, 587–88, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The pleadings of pro se plaintiffs, in particular, are to be construed liberally. *White v. White,* 886 F.2d 721, 722–723 (4th Cir.1989).

### IV.

Prior to pursuing Title VII discrimination and retaliation claims in district court, a federal employee must timely exhaust all available administrative remedies. *See* 42 U.S.C. § 2000e–16(c); 29 C.F.R. § 1614.407; *Blount v. Shalala,* 32 F.Supp.2d. 339, 341 (D.Md.1999) (Messitte, J.), *aff'd,* 1999 WL 978892, 1999 U.S.App. LEXIS 35892 (4th Cir.1999). EEOC regu-

---

1. Blount may also be attempting to assert a claim under the Equal Pay Act, 29 U.S.C. § 206(d) et seq. *See* text accompanying Note 6, *infra.*

2. The Motion to Dismiss is therefore MOOT.

lations require a federal employee complaining of discrimination in employment to initiate contact with an EEO counselor within 45 days of the alleged discriminatory act, or in the case of a personnel action, within 45 days of the effective date of the action. 29 C.F.R. Part 1614.105(a)(1). A complainant's failure to make this contact within the 45–day window is tantamount to failure to timely exhaust all administrative remedies. This failure ordinarily results in dismissal of a complaint of discrimination. *See e.g. Jakubiak v. Perry,* 101 F.3d 23, 26–27 (4th Cir.1996). On the other hand, the timely filing of a complaint with the EEOC is not a jurisdictional requirement and the Government's argument of untimeliness *may* be subject to the doctrine of equitable estoppel. *Zografov v. Virginia Medical Center,* 779 F.2d 967, 969 (4th Cir.1985). However, the Government will only be estopped from asserting the time limit as a defense if plaintiff provides proof of affirmative misconduct on the part of the agency which prevented an employee from timely filing a complaint. *Id.; Nealon v. Stone,* 958 F.2d 584, 589 (4th Cir.1992).

## V.

■ Blount complains of a number of specific events to substantiate her allegations, *viz.,* that:

- On or about May 10, 2000, she was denied a self-nominated cash award;[3]

- On or about August 3, 2000, she was denied a promotion from GS–11 to GS–12 status, despite the fact that she was already performing GS–12 work;

- On or about August 3, 2000, a meeting she had scheduled with a supervisor to discuss employee concerns was abruptly canceled and she was treated in a "hostile and intimidating manner" when she attempted to make inquiries regarding the meeting; and

- On or about October 26, 2000, the same date she contacted the FDA's EEO counselor, Blount's first-line supervisor, Tim Ulatowski, openly criticized her job performance in the hallway in front of co-workers.[4]

HHS submits that Blount failed to make contact with the FDA's EEO officer within the requisite 45 days of each alleged discriminatory act, and that it is therefore entitled to summary judgment. HHS argues that the last instance of discriminatory conduct Blount alleges took place on August 3, 2000, whereas she did not contact the EEO officer, Jeanne McDowell, until October 26, 2000, some 84 days later. Blount disagrees, claiming that the last instance of discriminatory conduct on the part of HHS took place on October 26, 2000, when her supervisor criticized her in front of others in the hallway (the "hallway incident").

Blount's claims regarding the events of May 2000 and August 2000 are clearly time-barred since they occurred more than 45 days before Blount's initial EEO contact on October 26 of that year, unless she can demonstrate a pattern of discrimina-

---

3. May 10 is the date referenced for this incident in the majority of Blount's pleadings and exhibits. However, in her appeal to the EEOC, Blount states that the cash award was denied on April 12, 2000.

4. In her opposition to HHS' motions, Blount refers to Ulatowski's "demeaning and humiliating remarks against employed Consumer Safety Officers Staff (Sharon L. Blount and Mary Joe Robinson—Black Female Employees) in a meeting forum around other professional staff members in an attempt to make Consumer Safety Officers look unprofessional and incompetent." Whether this is the same event as the hallway incident of October 26, 2000, or a different one, makes no difference in the Court's analysis.

tion that continued through the allegedly discriminatory event of that date. HHS argues that the incidents at issue—denial of a cash award, denial of a promotion, cancellation of a planned meeting, and the hallway incident, assuming they were discriminatory—constitute discrete acts which cannot comprise a continuing violation.

The Court agrees with HHS.

■ To proceed under a theory of continuing violation in an employment discrimination action, a plaintiff must first show that an actual violation occurred within the requisite limitations period. *See Tinsley v. First Union National Bank*, 155 F.3d 435 (4th Cir.1998). The "critical question" in a potential continuing violation situation is "whether any present violation exists." *United Air Lines, Inc. v. Evans*, 431 U.S. 553, 558, 97 S.Ct. 1885, 52 L.Ed.2d 571 (1977). Discrete acts of discrimination which are not made the target of a timely charge cannot be part of a continuing violation and are not actionable. *Dachman v. Shalala*, 46 F.Supp.2d 419, 435 (D.Md.1999). Whether an act is "discrete" depends upon whether the alleged act " '[has] a degree of permanence which would trigger an employee's awareness and duty to assert his or her rights.' " *Id.* (quoting *Demuren v. Old Dominion University*, 33 F.Supp.2d 469, 477 (E.D.Va. 1999)).

In the instant case, each of Blount's claims constitute a discrete act, hence they cannot comprise a continuing violation. Denial of a cash award, denial of a promotion, and cancellation of a planned meeting, are distinct events, each possessing a degree of permanence which should have caused Blount to be aware of her

obligation to contact an EEO counselor. *See Lurie v. Meserve*, 214 F.Supp.2d 546, 550–51 (D.Md.2002) (denial of an award is a discrete act). Specifically, she was required to contact an EEO counselor within 45 days of each of these alleged discriminatory acts, which she unquestionably did not do.[5] She cannot use the continuing violation theory to salvage these claims.

That leaves the alleged discriminatory act of October 26, 2000.

■ Although her facts are sketchy, Blount appears to be referring to certain disparaging comments that her supervisor. Tim Ulatowski, purportedly made on that date. Specifically, Blount says Ulatowski "embarrassed her in front of her coworkers when he called out on [sic] the hallway that she was not doing meetings right."

This event provides no basis for a claim of direct discrimination since disparaging remarks made by a supervisor do not state an adverse employment action. *See Lucas v. Cheney*, 821 F.Supp. 374, 376 (D.Md. 1992) (Murray, J.) *aff'd* 991 F.2d 790 (4th Cir.1993) (a verbal or written reprimand that does not become part of employees final employment record is not an adverse employment decision actionable under Title VII); *Raley v. Board of St. Mary's County Comm'rs*, 752 F.Supp. 1272, 1278– 81 (D.Md.1990). In the absence of an adverse employment action, there can be no finding of direct discrimination, *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) nor one of retaliation, *Glover v. South Carolina Law Enforcement Division*, 170 F.3d 411, 413 (4th Cir.1999), *cert. denied*, 528 U.S. 1146, 120 S.Ct. 1005, 145 L.Ed.2d 1065 (2000).

5. Nor has Blount shown that affirmative misconduct on the part of the Government prevented her from filing with EEO counselor within 45 days of these events. Hence, there can be no equitable tolling of the time to file.

Similarly the alleged event of October 26, 2000, supports no claim of hostile environment. Although Blount claims that her supervisor ridiculed her in front of others, such isolated and scattered incidents are not sufficiently severe or pervasive as to alter the conditions of employment. *See Hopkins v. Baltimore Gas & Elec. Co.,* 77 F.3d 745, 754 (4th Cir.1996). "Title VII is not a federal guarantee of refinement and sophistication in the workplace—in this context, it prohibits only harassing behavior that is so severe or persuasive as to render the workplace objectively hostile or abusive." *Hartsell v. Duplex Prods., Inc.,* 123 F.3d 766, 773 (4th Cir.1997). "The standards for judging hostility are sufficiently demanding to ensure that Title VII does not become a general civility code." *Faragher v. City of Boca Raton,* 524 U.S. 775, 788, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998) (*quoting Oncale v. Sundowner Offshore Services, Inc.,* 523 U.S. 75, 80, 118 S.Ct. 998, 140 L.Ed.2d 201 (1998)). Conduct that is merely offensive is not actionable. Blount cannot withstand summary judgment as to this claim.

Finally, the Court discerns that Blount, through all this, may also be attempting to assert a claim under the Equal Pay Act, 29 U.S.C. 206(d).[6] She appears to be saying that this claim arose in connection with her being denied a promotion to a GS–12 level, which took place on or about August 3, 2000. To that extent, the claim would be barred by the two-year statute of limits for such actions, since the present suit was filed on July 14, 2003, well more than 2 years later. *See* 29 U.S.C. § 255(a).[7] To the extent that a three-year limitations applies for willful or intentional violations of the Equal Pay Act,

*Id.,* Blount has adduced no evidence of wilfulness or intentional action, nor has she put forth any evidence that a specific male co-worker was receiving more pay for work she was required to perform that was in equal terms of skill, effort, and responsibility. *See Strag v. Board of Trustees,* 55 F.3d 943, 948 (4th Cir.1995). Blount has no viable Equal Pay Act claim.

## VI.

Having found no genuine issue of material fact for the trier of fact to consider, the Court will GRANT HHS' Motion for Summary Judgment.

A separate Order will be entered.

---

6. In her Complaint, Blount avers that she was "denied promotions when first eligible and denied equal pay for equal work."

7. The filing of an EEO administrative Complaint does not toll the statute of limitations requirement. *See* 29 C.FR. 1614.408.