# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

| | |
|---|---|
| ROSE URE MEZU,<br>　　　　　*Plaintiff-Appellant,*<br><br>v.<br><br>HUBBARD DOLAN, Morgan State<br>University, Chair Department of<br>English and Language Arts;<br>MORGAN STATE UNIVERSITY,<br>　　　　　*Defendants-Appellees.* | No. 03-1487 |

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
J. Frederick Motz, District Judge.
(CA-02-3713-JFM)

Submitted: September 4, 2003

Decided: September 22, 2003

Before WIDENER, NIEMEYER, and WILLIAMS, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Theresa I. Obot, LAW OFFICE OF THERESA I. OBOT, Baltimore, Maryland, for Appellant. J. Joseph Curran, Jr., Attorney General of Maryland, Mark J. Davis, Assistant Attorney General, Baltimore, Maryland, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Rose Ure Mezu appeals the district court's order dismissing her complaint alleging her employer, Morgan State University, and Dolan Hubbard,* the chair of the English and Language Arts Department (collectively "University"), violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. §§ 2000e to 2000e-17 (West 1994 & Supp. 2002); the Family Medical Leave Act, 29 U.S.C. §§ 2601-2654 (2000); and the Equal Pay Act, 29 U.S.C. § 206(d) (2000).

The University moved to dismiss the complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Mezu opposed the motion to dismiss and filed an affidavit and numerous other exhibits. The district court dismissed Mezu's Title VII failure to promote claim, her Equal Pay Act claim, and her FMLA claim. The court treated the University's motion to dismiss her Title VII hostile environment claim as a motion for summary judgment because it relied on materials outside the pleadings and dismissed the claim under summary judgment standards. We affirm.

We review the district court's rulings on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) de novo. *See Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). A motion to dismiss under Rule 12(b)(6) should not be granted unless it appears that the plaintiff can prove no set of facts that would support her claim and would entitle her to relief. *Id.* Thus, when considering the propriety of a dis-

---

*Because the district court's docket lists the named defendant as "Hubbard Dolan," this court's practice is to do likewise in an effort to avoid inconsistency. The appeal record leaves little doubt, however, that the correct name of this defendant is "Dolan Hubbard." We accordingly utilize the latter name in our opinion, recognizing the resultant inconsistency.

missal, we accept the factual allegations in the complaint as true and afford the plaintiff the benefit of all reasonable inferences that can be drawn from those allegations. *Id.*

First, Mezu asserts the district court erred in dismissing her Equal Pay Act claim. Under the Equal Pay Act, 29 U.S.C. § 206(d)(1), an employer is proscribed from discriminating by paying wages to employees of one gender, on the basis of that gender, at a rate less than that paid to employees of the other gender who are performing equal work on jobs that require equal skill and responsibility. Because Mezu only asserts she was paid different wages based on national origin, we find no error in the dismissal of her Equal Pay Act claim.

Second, Mezu asserts equitable tolling and equitable estoppel are applicable to her Title VII claim. The district court determined Mezu failed to allege that any discriminatory acts occurred within 300 days prior to her filing the EEOC charge. "Equitable tolling applies where the defendant has wrongfully deceived or misled the plaintiff in order to conceal the existence of a cause of action." *English v. Pabst Brewing Co.*, 828 F.2d 1047, 1049 (4th Cir. 1987). For Mezu to invoke equitable tolling, she must show the University attempted to mislead her and that she reasonably relied on the misrepresentation by neglecting to file a timely EEOC charge. *Id.* "Equitable estoppel applies where, despite the plaintiff's knowledge of the facts, the defendant engages in intentional misconduct to cause the plaintiff to miss the filing deadline." *Id.* We have reviewed the record and find no error in the district court's dismissal of Mezu's Title VII failure to promote claim.

The district court relied on matters outside the pleadings when it considered Mezu's hostile work environment claim and converted the University's motion to dismiss to a motion for summary judgment. We review an award of summary judgment de novo. *Higgins v. E.I. DuPont de Nemours & Co.*, 863 F.2d 1162, 1167 (4th Cir. 1988). Summary judgment is appropriate only if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). We view the evidence in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

In order to state a claim for a hostile work environment, Mezu must show: "(1) the harassment was unwelcome; (2) the harassment was because of [national origin]; (3) the harassment was sufficiently severe or pervasive to alter the conditions of employment and create an abusive atmosphere; and (4) there is some basis for imposing liability on the employer." *Causey v. Balog*, 162 F.3d 795, 801 (4th Cir. 1998). We conclude the district court properly granted summary judgment in favor of the University on this issue because Mezu failed to allege any specific acts of harassment based on her national origin that were sufficiently severe or pervasive to alter the conditions of her employment.

Finally, Mezu asserts the district court erred in dismissing her FMLA claim. The district court, citing our decision in *Lizzi v. Alexander*, 255 F.3d 128, 136 (4th Cir. 2001), *cert. denied*, 534 U.S. 1081 (2002), determined the FMLA did not abrogate a state's Eleventh Amendment immunity from suit and therefore Mezu's claim failed as a matter of law. After the district court issued its order, however, the Supreme Court ruled in *Nevada Dep't of Human Resources v. Hibbs*, 123 S. Ct. 1972, 1984 (2003), that Congress did in fact intend to abrogate a state's Eleventh Amendment immunity and therefore an individual may sue a state for money damages under the FMLA. Nonetheless, we affirm the district court's dismissal of Mezu's FMLA claim based on its correct observation that Mezu failed to allege an FMLA claim upon which relief could be granted in any event. Mezu's complaint alleges no facts constituting a substantive violation of the FMLA. Hence, she cannot state a claim, *see* Fed. R. Civ. P. 8(a), and dismissal is appropriate. *See* Fed. R. Civ. P. 12(b)(6). Alternatively, we note that Mezu abandoned her FMLA claim on appeal, thereby waiving review of this issue under Local Rule 34(b).

Accordingly, for the reasons stated, the judgment of the district court is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*