**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-1447**

ROSE URE MEZU,

             Plaintiff - Appellant,

        v.

MORGAN STATE UNIVERSITY,

             Defendant – Appellee,

        and

EARL RICHARDSON, Ph.D.; T. JOAN ROBINSON, Ph.D., Provost and
VP Academic; BURNEY J. HOLLIS, Ph.D., Dean, College of
Liberal Arts,

             Defendants.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.   William D. Quarles, Jr., District
Judge.  (1:08-cv-01867-WDQ)

Submitted:  January 22, 2010        Decided:  February 19, 2010

Before NIEMEYER, MOTZ, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

C. Valerie Ibe, LAW OFFICES OF C. VALERIE IBE, West Hills,
California, for Appellant.  Douglas F. Gansler, Attorney General

of Maryland, Corlie McCormick, Jr., Carolyn W. Skolnik, Assistant Attorneys General, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dr. Rose Ure Mezu, an African-American woman of Nigerian origin and Igbo ethnicity, filed suit pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e to 2000e-17 (2006), alleging discrimination on the basis of race and national origin for failure to promote and retaliation for engaging in protected activities. The district court dismissed Mezu's failure to promote and retaliation claims as untimely filed. Finding no reversible error, we affirm.

Mezu began her employment at Morgan State University ("University") as a non-tenure track lecturer with the University in January of 1993, and by 1998 she had achieved the rank of associate professor with tenure. In 2002, after the University denied Mezu a promotion to the rank of full professor, she filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), then filed a complaint in federal court. The district court dismissed the complaint, and we affirmed. See Mezu v. Dolan, 75 F. App'x 910 (4th Cir. 2003) (No. 03-1487).

In 2004 and 2005, Mezu again applied for and was denied promotion to full professor. In the spring of 2005, the Dean, Dr. Bureny J. Hollis, recommended Mezu engage in additional publishing. With respect to her 2005 application, the Departmental Promotion Committee recommended promoting Mezu

3

to full professorship.  Dr. Dolan Hubbard, the Department Chair, however, recommended against her promotion.

The University President, Dr. Earl Richardson, notified Mezu by letter post-marked April 6, 2006,[1] that "[c]onsistent with the recommendation of the Provost and Vice President for Academic Affairs, your request for promotion to the rank of Professor, in the Department of English and Language Arts is denied."  The letter further informed Mezu of her right to appeal.  Despite Mezu's argument that the correspondence pertained to her 2004 rather than 2005 promotion request and did not represent an actionable decision, Mezu appealed the denial within a few days.  In September 2006, Dr. T. Joan Robinson, the Provost and Vice President for Academic Affairs, informed Mezu that her prior adverse recommendation to the President remained intact and explained that Mezu could appeal the negative recommendation to the President.  Defendants took no further action on Mezu's appeal.

Believing the Defendants had not complied with the University's published procedures on Appointment, Promotion, and Tenure and were not going to complete the promotion process by impaneling an appeals committee and rendering a final decision,

---

[1] In what we take to be an obvious typographical error, the letter was dated March 28, 2005, rather than March 28, 2006.

4

Mezu filed her charge with the EEOC. Mezu filed the EEOC charge on March 25, 2007, more than 300 days after Dr. Richardson, by his letter post-marked on April 6, 2006, informed Mezu the University was denying her promotion.

On May 30, 2008, the EEOC denied Mezu's claim and issued a right to sue letter. Mezu filed a complaint in the district court against the University, Dr. Richardson, Dr. Robinson, Dr. Hollis, and Dr. Hubbard. Mezu's complaint, as amended, alleged employment discrimination for failure to promote based on race and national origin, in violation of Title VII, and a violation of the Equal Pay Act, 29 U.S.C. § 206(d) (2006), based on race and national origin, as well as retaliation for engaging in protected EEOC activities.[2]

The University and Dr. Hubbard filed a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim upon which relief could be granted.[3] Mezu voluntarily dismissed her

_____

[2] Specifically, Mezu alleged Defendants retaliated in response to her 2002 EEOC activities by rendering negative recommendations, denying her promotion to full professor, and failing to complete the promotion review process. Mezu further claimed Defendants retaliated by failing to complete the promotion review process and reassigning her classroom and office after she complained to the human resources department in 2006 and filed her EEOC charge in 2007.

[3] Although the remaining defendants did not answer or file other responsive pleadings, the record does not reveal whether these defendants were ever served.

claims against Dr. Hubbard, as well as her Equal Pay Act claim. Finding Dr. Richardson's communication to Mezu of the promotion denial on April 6, 2006, was the discrete act of discrimination that commenced the statute of limitations, the district court dismissed Mezu's failure to promote claim as untimely, having been filed more than 300 days thereafter. The district court further dismissed Mezu's claims of retaliation as untimely and for failure to exhaust.

We review de novo the district court's rulings on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). See Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This plausibility standard requires a plaintiff to demonstrate more than "a sheer possibility that a defendant has acted unlawfully." Id. It requires the plaintiff to articulate facts that, when accepted as true, "show" that the plaintiff has stated a claim entitling her to relief, i.e., the "plausibility of 'entitlement to relief.'" Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Iqbal, 129 S. Ct. at 1949, and Twombly, 550 U.S. at 557).

The Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(e)(1), provides that a Title VII charge must be filed with the EEOC within 180 days after the alleged unlawful employment practice occurred, or within 300 days if the claimant has instituted proceedings with a state or local agency. "[T]he time for filing a charge of employment discrimination with the . . . EEOC . . . begins when the discriminatory act occurs." Ledbetter v. Goodyear Tire & Rubber Co., 550 U.S. 618, 621 (2007). The rule applies to "any 'discrete act' of discrimination, including discrimination in [the] 'failure to promote' . . . ." Id. (quoting Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 114 (2002)).

An "unlawful employment practice" under 42 U.S.C. § 2000(e)-5(e) refers to a discrete discriminatory act or single occurrence even when related to other acts. Morgan, 536 U.S. at 111. "Discrete acts such as . . . failure to promote . . . are not actionable if time barred, even when they are related to acts alleged in timely filed charges." Id. at 114. The time the initial employment decision was made and communicated triggered the commencement of the limitations period despite the pendency of the internal appeal and the possibility of a reversal of the initial decision. Del. State Coll. v. Ricks, 449 U.S. 250, 261-62 (1980); Watson v. Eastman Kodak Co., 235 F.3d 851, 856 (3d Cir. 2000).

7

Because Mezu instituted proceedings with a state agency, the 300-day statute of limitations applies. We agree with the district court that Dr. Richardson's letter post-marked on April 6, 2006, denying Mezu's promotion to full professor, constituted the discrete act of failure to promote triggering the commencement of the limitation period despite the pendency of her internal appeal with the University. We further agree that the Provost and Vice President Academic's reaffirmation of her prior adverse recommendation to the President, as well as Defendants' alleged failure to complete the internal appeal process, did not constitute independently discriminatory acts commencing the limitation period anew. Morgan, 536 U.S. at 113.

Furthermore, as in Mezu's prior appeal, the doctrines of equitable tolling and equitable estoppel are inapplicable because Defendants' actions cannot be construed to have misled Mezu into missing the filing deadlines. Mezu v. Dolan, 75 F. App'x 910 (4th Cir. 2003) (No. 03-1487); see also English v. Pabst Brewing Co., 828 F.2d 1047, 1049 (4th Cir. 1987). The pendency of the internal appeal does not toll the running of the limitations period. Ricks, 449 U.S. at 261-62 (finding time initial tenure decision was made and communicated triggered commencement of limitation period despite pendency of grievance procedure and rejecting date of notification of denial of grievance as trigger); Int'l Union of Elec. Workers, Local

8

790 v. Robbins & Myers, Inc., 429 U.S. 229, 230-31 (1976) (noting the existence and utilization of grievance procedures does not toll the running of the limitations period that would otherwise begin on the date the allegedly discriminatory act took place).  Therefore, the district court did not err in dismissing Mezu's failure to promote claim as untimely.

We further conclude the district court correctly determined that Mezu's retaliation claims do not satisfy the narrow exemption from timeliness and exhaustion of administrative remedies.  "Before filing suit under Title VII, a plaintiff must exhaust her administrative remedies by bringing a charge with the EEOC."  Smith v. First Union Nat'l Bank, 202 F.3d 234, 247 (4th Cir. 2000) (citing King v. Seaboard Coast Line R.R., 538 F.2d 581, 583 (4th Cir. 1976)).  However, a Title VII plaintiff may raise a retaliation claim for the first time in federal court without exhausting her administrative remedies if the discrimination complained of is "like or related to allegations contained in the charge and growing out of such allegations during the pendency of the case before the Commission."  Nealon v. Stone, 958 F.2d 584, 590 (4th Cir. 1992) (citations and internal quotations omitted).

We find Mezu had no claims properly before the court to which she could attach her retaliation claims.  Therefore, Mezu is not relieved of the timeliness and exhaustion

9

requirements.  See Franceschi v. United States Dep't of Vet. Affairs, 514 F.3d 81, 87 (1st Cir. 2008); Hargett v. Valley Fed. Sav. Bank, 60 F.3d 754, 762 (11th Cir. 1995); Barrow v. New Orleans S.S. Ass'n, 932 F.2d 473, 479 (5th Cir. 1991).  The district court thus did not err in dismissing Mezu's retaliation claims.

Accordingly, we affirm the district court's judgment dismissing Mezu's complaint.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED